# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALL AMERICANLOOK INC., a Pennsylvania corporation, d/b/a All American Print Supply Co., | Case No. 2:25-cv-10215<br><br>Hon. |
| Plaintiff, | |
| v. | |
| SUPER SUBLIMATION, LLC, an Illinois limited liability company, d/b/a American Print and Supply Co. | **COMPLAINT** |
| Defendant. | |

## COMPLAINT

Plaintiff All AmericanLook Inc. d/b/a All American Print Supply Co. ("All American") complains against defendant Super Sublimation, LLC d/b/a American Print and Supply Co. ("Super"). In support of its claims, All American alleges the following:

## PARTIES

1. This is an action for trademark infringement, unfair competition, and cybersquatting in violation of 15 U.S.C. §§ 1114(1)(a), 1125(a), and 1125(d).

2. Plaintiff All American is a Pennsylvania based corporation with offices at 3020 Darnell Rd. Philadelphia, PA 19154. It conducts business under the registered fictitious name ALL AMERICAN PRINT SUPPLY CO.

3. Defendant Super is an Illinois limited liability company with offices at 721 Sabrina East Peoria IL, 61611.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as it involves claims arising under federal law.

5. Super conducts business under the mark AMERICAN PRINT AND SUPPLY CO ("Infringing Mark") and maintains a website at www.americanprintandsupply.com ("Infringing Domain") where consumers within the Eastern District of Michigan can order printers and printing supplies shipped to their door.

1

6. Super has, through orders taken via its website, shipped printers and/or printing supplies bearing both the Infringing Mark and the Infringing Domain to customers residing within the Eastern District of Michigan. *See* **Exhibit 1** (documenting an order placed on Super's website for one of Super's products branded with the Infringing Mark and the Infringing Domain and the shipment of that product to an address within the Eastern District of Michigan).

7. Upon information and belief, Super has rendered printer repair and maintenance services under the Infringing Mark within the Eastern District of Michigan.

8. Upon information and belief, Super has distributed online and/or via mail advertising materials bearing the Infringing Mark to consumers within the Eastern District of Michigan.

9. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1391 because, upon information and belief, Super has sold goods bearing the Infringing Mark and/or advertised using the Infringing Mark within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

10. All American has sold printers and printing supplies since 1986. All American primarily deals in printers and printing supplies for garment printing including direct-to-film ("DTF") and direct-to-garment ("DTG") printers and

supplies.[1]

11. All American previously operated under the name DTG Mart. However, after undergoing a merger in 2019, All American began using the name All American Print Supply Co.

12. By at least November of 2020, All American was using the mark ALL AMERICAN PRINT SUPPLY CO. ("Mark") as a source indicator for its services, namely, online retail services for printers and printing supplies.

13. In April of 2023, All American applied to register the Mark with the United States Patent and Trademark Office for the following services:

- "On-line retail store services featuring textile printing equipment; On-line retail store services featuring printers, printing equipment, printing accessories, and printing supplies; Providing information in the field of the textile printing industry; Retail stores featuring textile printing equipment; Retail stores featuring printers, printing equipment, printing accessories, and printing supplies" in International Class 35; and,

- "Education services, namely, providing on-line training in the field of printing; Education services, namely, providing classes and non-downloadable webinars in the field of printing; Educational services,

---

[1] Direct-to-film printing involves printing a design onto a specialized piece of film and then transferring the design from the film to a garment via heat press whereas direct-to-garment printing involves printing directly on a garment.

3

4914-5536-2576_2

namely, conducting demonstrations in the field of printing; Providing a website featuring blogs and non-downloadable publications in the nature of articles and newsletters in the field of printing; Providing online non-downloadable videos in the field of printing" in International Class 41.

14. In June of 2024, USPTO issued a registration (Reg. No. 7,411,894) for All American's Mark attached here as **Exhibit 2.**

15. All American also applied to register, and recently received a notice of allowance for another mark, AAPRINTSUPPLYCO (Ser. No. 97/898,649).

16. All American has invested significant time, effort, and money in ensuring that consumers associate ALL AMERICAN PRINT SUPPLY CO. with its goods and services. Consequently, All American has built up meaningful goodwill towards its brand.

17. Super sells printers and printing supplies. Super similarly focuses on printer and printing supplies for garments, specifically, DTF printers and printing supplies. *See* **Exhibit 3.**

18. Super uses the mark AMERICAN PRINT AND SUPPLY on its goods and when rendering its services.

19. Super uses the Infringing Mark as part of its website domain: americanprintandsupply.com. ICANN records indicate that this domain was registered on March 21, 2023. **Exhibit 4.**

20. Shortly after registering its domain, Super began using the Infringing Mark on its website. Web captures from the Internet Archive show use of the Infringing Mark as early as March 23, 2023. **Exhibit 5.**

21. Then, on April 3, 2023, Super applied with the Illinois Secretary of State to use the Infringing Mark as an assumed name. **Exhibit 6.**

22. As the below table indicates, the Infringing Mark is nearly identical to All American's registered Mark in terms of the marks sound, appearance, and commercial impression.

| All American's Mark | Super's Infringing Mark |
|---|---|
| ALL AMERICAN PRINT SUPPLY CO. | AMERICAN PRINT AND SUPPLY CO. |

23. Super uses the Infringing Mark on the same types of goods sold by All American including but not limited to: DTF film, DTF ink, DTF printers, and other DTF printer maintenance supplies. **Exhibit 3.**

24. Super also uses the Infringing Mark to offer services that are identical to those in All American's registration, namely, "On-line retail store services featuring textile printing equipment; On-line retail store services featuring printers, printing equipment, printing accessories, and printing supplies; Providing information in the field of the textile printing industry..." *See* **Exhibit 3.**

25. Both All American and Super target similar consumer groups, namely, consumers of garment printers and garment printer supplies.

26. Both All American and Super offer their products through online retail trade channels. *See* **Exhibit 3.**

27. Super's use of the Infringing Mark has caused several instances of actual consumer confusion.

28. In June of 2023, Super rented a booth at a tradeshow in Indianapolis. Super decorated its booth with large banners bearing the Infringing Mark. **Exhibit 7.** All American was also present at that tradeshow. Throughout the course of the show, attendees approached All American and asked if Super and All American were affiliated or the same company.

29. All American sent multiple cease-and-desist letters during the summer of 2023 requesting that Super stop using the Infringing Mark. To date, All American has never received any response from Super. **Exhibit 7.**

30. All American has received calls from confused consumers who mistook All American's website with Super's website.

31. All American has received complaints about poor customer service only to find that the consumer had confused All American and Super.

32. In light of this mounting actual confusion, and Super's non-responsiveness, All American wrote to the webhost for Super's website requesting they terminate hosting Super's website. Super's webhost refused to remove the website without a court order.

33. All American now brings this litigation against Super to protect its intellectual property and put an end to the ongoing consumer confusion.

## COUNT I: TRADEMARK INFRINGEMENT 15 U.S.C. § 1114(1)(a)

34. All American incorporates by reference the allegations in the preceding paragraphs.

35. Defendant is engaged in federal trademark infringement under 15 U.S.C. § 1114(1)(a).

36. All American owns the mark ALL AMERICAN PRINT SUPPLY CO which is registered with the USPTO (Reg. No. 7,411,894) and has been used in commerce since at least November of 2020. **Exhibit 2.**

37. All American has invested time, effort, and financial resources, in promoting the Mark in connection with its goods and services.

38. Through these efforts, All American has caused the public to associate the Mark with All American's goods and services making the Mark distinctive.

39. By virtue of the Mark's registered status, All American is entitled to several statutory presumptions including the presumption that the Mark is valid; that All American is the Mark's owner; and that All American has the exclusive right to use the Mark in commerce. 15 U.S.C. § 1115.

40. Defendant Super has used the confusingly similar mark AMERICAN PRINT AND SUPPLY CO in commerce since at least March of 2023. *See*

**Exhibit 5.**

41. Upon information and belief, Super's use of the Infringing Mark is willful.

42. All American's Mark and the Infringing Mark are nearly identical in sound, appearance and commercial impression; are used for identical goods and services; and travel in similar trade channels. There are also several documented instances of actual consumer confusion. These facts indicate there is a high likelihood of consumer confusion.

43. All American has suffered and will continue to suffer damage and loss of goodwill and reputation. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which All American has no adequate remedy at law. All American will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

### COUNT II: UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

44. All American incorporates by reference the allegations in the preceding paragraphs.

45. Defendant is engaged in federal trademark infringement and unfair competition under 15 U.S.C. § 1125(a).

46. All American owns the mark ALL AMERICAN PRINT SUPPLY CO which has been used in commerce since at least November of 2020.

47. All American has invested time, effort, and financial resources, in promoting the Mark in connection with its goods and services.

48. Through these efforts, All American has caused the public to associate the Mark with All American's goods and services making the Mark distinctive.

49. Defendant Super has used the confusingly similar mark AMERICAN PRINT AND SUPPLY CO in commerce since at least March of 2023. *See* **Exhibit 5.**

50. Upon information and belief, Super's use of the Infringing Mark is willful.

51. All American's Mark and the Infringing Mark are nearly identical in sound, appearance and commercial impression; are used for identical goods and services; and travel in similar trade channels. There are also several documented instances of actual consumer confusion. These facts indicate there is a high likelihood of consumer confusion.

52. All American has suffered and will continue to suffer damage and loss of goodwill and reputation. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which All American has no adequate remedy at law. All American will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT III: CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)

53. All American incorporates by reference the allegations in the preceding paragraphs.

54. All American owns the mark ALL AMERICAN PRINT SUPPLY CO which has been used in commerce since at least November of 2020.

55. The mark ALL AMERICAN PRINT SUPPLY CO is a valid trademark entitled to protection, and it is distinctive.

56. All American has invested time, effort, and financial resources, in promoting the Mark in connection with its goods and services.

57. Through these efforts, All American has caused the public to associate the Mark with All American's goods and services.

58. Super is currently operating a website with the domain name www.americanprintandsupply.com which is confusingly similar to All American's Mark.

59. Super registered the domain name www.americanprintandsupply.com.

60. Super utilizes the Infringing Domain to sell products and services and with the intent to profit.

61. Upon information and belief, Super's registration and use of www.americanprintandsupply.com was done in bad faith and with a bad faith intent to divert traffic from All American's website to Super's website, allowing

Super to profit from its confusingly similar domain.

62. As a result of Super's conduct, All American has suffered and will continue to suffer damages and loss of goodwill and reputation. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which All American has no adequate remedy at law. All American will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests and Order and Judgment as follows:

A. Entry of an Order preliminarily and then permanently enjoining and restraining Defendant and its officers, agents, employees, attorneys, successors and assigns, and all persons or entities acting in concert or participation with any of them, from the distribution, offering for sale, sale, advertising, and/or promotion of goods or services utilizing the AMERICAN PRINT AND SUPPLY CO mark and from otherwise engaging in unfair competition with All American;

B. Directing Defendant to file with the Court and serve on All American's counsel, within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement setting forth in detail the manner and form in which Defendant has complied with the injunction as

provided in 15 U.S.C. §1116(a);

C. Entry of an Order preliminarily and then permanently enjoining and restraining Defendant and its officers, agents, employees, attorneys, successors and assigns, and all persons or entities acting in concert or participation with any of them, from using the domain name www.americanprintandsupply.com and directing Defendant to transfer ownership of said domain name to All American.

D. Awarding All American judgment against Defendant for the damages All American has sustained and the profits Defendant has derived as a result of its trademark infringement and unfair competition, assessing such damages in a separate accounting procedure and then trebling those damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

E. Awarding All American its costs and attorney fees incurred in connection with this action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

F. Awarding All American such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

        Respectfully submitted,

        BODMAN PLC


By: /s/Justin P. Bagdady
  J. Adam Behrendt (P58607)
  Justin P. Bagdady (P79764)
  Spencer M. Darling (P87321)
  201 West Big Beaver, Suite 500
  Troy, Michigan 48084
  (248) 743-6000
  jbehrendt@bodmanlaw.com
  jbagdady@bodmanlaw.com
  sdarling@bodmanlaw.com
  *Attorneys for Plaintiff All AmericanLook Inc.*

January 23, 2025