UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALL AMERICANLOOK INC.,

      Plaintiff,

Case No. 2:25-cv-10215

HONORABLE STEPHEN J. MURPHY, III

v.

SUPER SUBLIMATION, LLC,

      Defendant.

_____/

### OPINION AND ORDER GRANTING MOTION TO EXTEND SCHEDULING ORDER [37] AND STRIKING MOTIONS TO COMPEL [42, 43] AND MOTION TO SEAL [41]

After the Court awarded Plaintiff attorney fees due to numerous discovery delays caused by Defendant's Counsel, ECF No. 33, Defendant replaced its lead counsel with its existing local counsel of record, Bill C. Panagos and Linda Kennedy, ECF Nos. 36, 38. A week after Defendant's previous counsel moved to withdraw, ECF No. 36, Defendant moved to extend the scheduling order by thirty days. ECF No. 37. Plaintiff opposed the motion. ECF No. 39. Less than a month later, Defendant moved to compel the production of "source documents used to prepare financial records" and for Plaintiff to supplement certain discovery responses. ECF No. 43, PageID.827. Defendant filed redacted and unredacted versions of the motion, ECF Nos. 42, 43, and it concurrently moved for leave to file an unredacted version of the motion under seal. ECF No. 41. The Court will grant the motion to extend the scheduling order by thirty days and will strike Defendant's motions to compel and seal.

1

I.  Motion to Extend Scheduling Order

Defendant moved to extend the scheduling order by thirty days. ECF No. 37. Discovery currently closes on December 19, 2025. ECF No. 15. Defendant argued that its new lead counsel "needs time to develop strategy, analyze the 33000+ pages of discovery, and identify and address gaps in Plaintiff's discovery responses and production." *Id.* at PageID.652. Defendant argued that although local counsel (now lead counsel) stepped in when necessary in accordance with Local Rule 83.20(f), they did not "endeavor[] to spend dozens of hours on unauthorized tasks that lead counsel was ostensibly performing." *Id.* at PageID.659. Defendant further argued that it will be prejudiced by keeping the current schedule because it will not have the proper time to analyze documents or prepare for depositions. *Id.* at PageID.660.

Plaintiff opposed Defendant's motion. ECF No. 39. It argued that there is no good cause to extend discovery and, in any event, any prejudice to Defendant is "self-inflicted." *Id.* at PageID.681. In reply, Defendant asked the Court to "not effectively penalize Super for acts of its former (and replaced) lead counsel." ECF No. 40, PageID.718.

Federal Rule of Civil Procedure 16(b)(4) provides that the Court may amend a scheduling order "only for good cause." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citation omitted); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)

(collecting cases). Courts also consider prejudice to the nonmoving party. *See Bradford*, 249 F.3d at 809.

The Court has substantial discretion when it weighs factors for and against additional discovery. *See Dowling v. Cleveland Clinic Found.*, 593 F.3d 472 (6th Cir. 2010). Courts generally consider five factors in reviewing a request to extend discovery: (1) when the moving party learned of the issue that is the subject of discovery; (2) the effect of the extension on the outcome; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. *Id.* at 478; *see Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008).

As in initial matter, the moving party (Defendant) has been less than diligent. The Court discussed Defendant's prior Counsel's lack of diligence extensively in prior orders. *See, e.g.*, ECF No. 33. The Court notes, however, that there is no evidence that Defendant's prior counsel was intentionally obstructing discovery. Rather, it is obvious to the Court that Defendant's prior counsel could not handle the workload of the case. Regardless, as to the overarching inquiry, Defendant's former counsel was not diligent in meeting discovery deadlines. The Court, however, sees no reason to doubt that Defendant itself or Defendant's new lead counsel are not working diligently to meet the scheduling order.

Furthermore, the parties disagree about the proper role of local counsel here. Local Rule 83.20(f)(1) requires that "local counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do

3

so." Nothing in the text of the rule requires local counsel be involved in the day-to-day proceedings of the case. Local counsel must be prepared to step in and conduct the case if nonlocal counsel cannot. Without citing any authority, Plaintiff argued that Defendant's counsel must have "equal authority to conduct [the] case" as lead counsel and that counsel was "obligated to take action." ECF No. 39, PageID.685–86. Without minimizing local counsel's important role, Plaintiff's argument is a stretch. To say that local counsel would be required to step in the shoes of lead counsel without any time to get up to speed on a complex case is unreasonable and not grounded in customary litigation practice.

Of course, local counsel is required to be up to date on the case and the Court sees no reason to doubt that then-local counsel was involved. Local counsel, however, is not expected to duplicate the efforts of lead counsel. *See Gratz v. Bollinger*, 353 F. Supp. 2d 929, 945 (E.D. Mich. 2005) (permitting recovery for only 55 out of 323.50 hours billed by local counsel because "most of [local counsel's] billing entries reflect time spent 'receiving and reviewing' materials" created or already reviewed by other attorneys). A reasonable client would neither expect nor tolerate the duplication of efforts. Local counsel is required "to conduct the case if non-local counsel does not do so." *See* E.D. Mich. L.R. 83.20(f). They are expected to be up to date on the proceedings and to be ready to step in. That is what happened here.

As to the five factors courts consider, first, Defendant has been in possession of the discovery at issue and is requesting more time for new lead counsel to examine

4

the discovery and prepare a new, or perhaps, improved strategy. That factor weighs in favor of denying the motion.

Second, the Court agrees that Plaintiff has not identified any prejudice that a short thirty-day extension of discovery would cause them, especially since the Court has not previously extended the discovery deadline. The Court finds that Defendant itself should not be further prejudiced by a rushed discovery process with new lead counsel around the holidays. And the Court has a strong preference for allowing attorneys to be fully prepared for depositions and for resolving cases on their merits. *See Doe v. Athens County*, No. 2:22-cv-855, 2023 WL 5379571, at *1 (S.D. Ohio Aug. 22, 2023) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986)). The factor weighs heavily in favor of granting the motion.

Third, Discovery has been open since April 2025. *See* ECF No. 15. The factor weighs neither for nor against granting the motion. Discovery, including fact and expert discovery, in a complex case takes time, and it is not unreasonable for a party to request one short extension.

Fourth, as discussed above, Defendant's prior lead counsel was dilatory. The Court need not further explain or summarize its previous orders. *See, e.g.*, ECF No. 33. The factor weighs in favor of denying the motion. Finally, despite Defendant's argument that discovery responses are incomplete, Plaintiff has been diligent in discovery and has responded to discovery on time, unlike Defendant.

In total, while three out of five factors weigh in favor of denying the motion, Plaintiff will not be prejudiced by a short thirty-day extension. By all accounts, new

lead counsel for Defendant is acting quickly. Accordingly, the Court will grant a reasonable thirty-day extension to the original discovery schedule—the first extension of the discovery deadline. Denying the motion would likely prejudice Defendant far more than Plaintiff and risk the case not being decided on the merits. The Court will therefore grant Defendant's motion and will likely not entertain any further requests for extensions.

II. Motion to Compel

Defendant moved to compel Plaintiff to produce documents related to its First Requests for Production and to "affirmatively state whether any documents are being withheld based on their objection or privilege." ECF No. 43, PageID.833.

Before addressing the merits of the motion to compel, it is evident from the briefing that Defendant's motion to compel (as well as the accompanying motion to seal) does not comply with the Court's local rules. Defendant did not follow the required procedures under Local Rule 7.1.

Federal Rule of Civil Procedure Rule 37(a)(1) requires the movant to certify that it "has in *good faith* conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." (emphasis added). The local rule further explains what compliance looks like: the movant must confer with the other party "in good faith and in a manner that reasonably explains the basis for the motion and allows for an *interactive process* aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention." E.D. Mich. L.R. 7.1(a)(1) (emphasis added).

6

"The conference must be held *sufficiently in advance of filing the motion* to allow a good faith interactive exchange aimed at resolving the matter." *Id.* (emphasis added).

No good faith conferral nor any conversation "aimed at reaching agreement" occurred before Defendant filed its motions. As an initial matter, the parties both note a meet and confer that occurred on November 3, 2025. *See* ECF No. 43, PageID.833, 837, 841; ECF No. 45, PageID.888. Defendant admits, however, that the meeting on November 3, 2025 was "to discuss the adequacy of [Plaintiff]'s responses," not any contemplated motion to compel. ECF No. 43, PageID.837; *see also* ECF No. 45, PageID.890 (Plaintiff asserting that supplementing RFP 9, at issue in the instant motion, was not discussed at the November 3 meet and confer).

After that meet and confer, the parties emailed each other and disagreed about what was accomplished and agreed to. But Plaintiff was not on notice of a specific, contemplated motion such that they could work together cooperatively to avoid any motion practice. *See* ECF No. 43-6, PageID.873 (Plaintiff explaining that "you [Defendant's counsel] said yourself that our meet and confer was exceptionally productive and that no motion practice would be required as a result") (emphasis omitted). Regardless of whether Defendant's recitation of events was correct, it is clear to the Court that no discussion about a specific motion took place. After all, Local Rule 7.1 contemplates a good faith conferral about a specific *motion*, not just discovery issues that could hypothetically make their way into a motion to compel down the line.

7

What is more, Defendant's counsel surely did not believe that the November 3 meet and confer satisfied the local rules because, weeks later, on November 17, the day Defendant filed the motions at issue, Defendant's counsel "sought concurrence." ECF No. 47, PageID.943. By both parties' accounts, on November 17, Defendant's counsel called Attorneys Darling and Bagdady. *Id.*; ECF No. 45, PageID.890–891. Attorney Bagdady was not available at that time. ECF No. 47, PageID.943; ECF No. 45, PageID.890. Attorney Darling, in a two-minute phone call with Defendant's counsel, explained that only the Partner, Attorney Bagdady, had the authority to concur. ECF No. 47, PageID.943, ECF No. 45, PageID.890–891. Attorney Darling followed up via email with Defendant's counsel asking for more detail on the contemplated motion at 9:31 a.m. ECF No. 45-5, PageID.930–931. Defendant argued in its brief that "[h]aving received no confirmation of concurrence and based on counsel's representation that he lacked authority . . . Super proceeded to file the Motion as permitted under LR 7.1(a)(1)." ECF No. 46, PageID.938.

The issue with Defendant's account is that it filed its first motion at 9:28 a.m. on November 17, the same morning it called Plaintiff's counsel. *See* ECF No. 41. Defendant's counsel did respond to Attorney Darling's email until 9:58 a.m. ECF No. 45-5, PageID.930. But by that time, all three motions were already filed. *See* ECF Nos. 41–43. Defendant argued that "Local Rule 7.1 requires only a good-faith attempt to confer." ECF No. 47, PageID.944. True enough, Defendant did attempt to confer within the first few hours of the workday on November 17. But in no way was this a good faith attempt to confer. Speaking with an associate, who then asked for more

8

information, not waiting for any confirmation from the Partner on the case (let alone waiting to substantively discuss the motion), and then filing the motions does not evince compliance with the Court's local rules. The Rule requires parties to confer in a manner that "allows for an interactive process." E.D. Mich. L.R. 7.1(a)(1). Such a process was wholly absent here.

The Court could look past the parties' conferral process and rule on the substance of the motions. Perhaps that would be the more efficient course in light of the impending discovery deadline and the numerous discovery issues that have already occurred. The Court, however, is bound by the Federal Rules of Civil Procedure and its own local rules. Skirting the plain language of the rules would do a disservice to the parties here as well as to future litigants who would rather conduct motion practice than participate in constructive, albeit difficult, conversations to resolve discovery disputes on their own.

At bottom, Rule 7.1 is not a box that parties must check before filing a motion. The conferral process is especially important when the parties, like here, have sophisticated and experienced counsel who should be perfectly competent to work through discovery disputes "without court intervention." *See* E.D. Mich. L.R. 7.1(a). Of course, after a substantive and good faith conferral regarding a contemplated motion, the parties are free to move for relief from the Court. In seeking concurrence in good faith and attempting to reach agreement, however, the parties will normally be able to narrow the issues to present to the Court and perhaps resolve them completely. To put it plainly, there should not be a question in the briefing that the

Court must resolve as to whether the parties properly conferred in accordance with the Court's local rules. And the Court must therefore insist on compliance.

The Court will therefore strike Defendant's motions to seal and compel. *See* E.D. Mich. 7.1(a) (allowing a court to strike filings that do not comply with the requirement to meet and confer in good faith). It will require that the parties conduct a substantive, good faith conferral with the goal of resolving issues without Court intervention. The Court expects the parties to resolve or significantly narrow the issues. After conferral, if Defendant chooses to refile its motions, the Court will consider the substance at that time, perhaps with the assistance of a discovery master.[1]

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to extend [37] is **GRANTED**.

**IT IS FURTHER ORDERED** that the dates in the scheduling order [15] are **EXTENDED** by thirty days.

**IT IS FURTHER ORDERED** that Defendant's motions to compel and seal [41, 42, 43] are **STRICKEN**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: December 16, 2025

---

[1] As to the motion to seal, the Court encourages the parties to take notice and understand the authority of *Grae v. Corrections Corp. of America*, 134 F.4th 927 (6th Cir. 2025) before filing any future motions to seal.